NEW YORK AND HARLEM RAILROAD COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20022.   Promulgated June 20, 1933.

*C. C. Handy*, *Esq.*, *Charles C. Paulding*, *Esq.*, and *Leo Manville*,
*Esq.*, for the petitioner.
*E. C. Algire*, *Esq.*, for the respondent.

OPINION.

Smith: The petitioner contends that there was a "complete and absolute assumption of the obligation of the $12,000,000 Consolidated Bond issue" by the lessee "and its payment thereof in 1900 created an item of invested capital that the taxpayer should be allowed to set up in its tax returns."

We have carefully examined the agreements between the lessor and the lessee with respect to these bonds, and fail to find any such assumption of the obligation on the bonds as is here claimed. The facts negative the idea of the lessee assuming the obligation upon the bonds, for, upon the payment of the principal of any of the bonds in question, the petitioner agreed to reissue and refund such bonds as were paid by the lessee. In 1900 this was done. Even assuming that upon the lessee's payment of the $12,000,000 consolidated bonds, the petitioner realized a "profit," which increased its surplus; it offset such "profit" by the issuance of the $12,000,000 gold bonds which are still outstanding and are carried as a liability upon its books.

We do not agree with the petitioner's argument that:

* * * The primary responsibility for the obligation of these bonds rests upon the New York Central, binding it not only to the Harlem company but also to the bond-holders of the Harlem, and the latter company is subject only to remote secondary liability with its property pledged as security for the bonds. We submit that the assumption and payment of the obligation by the New York Central constituted a profit to the Harlem which became a proper credit to surplus and should be allowed as invested capital of that company.

Nor do we find any support for that argument in either *United States v. Boston & Providence R.R. Corp.*, 37 Fed. (2d) 670 (relied upon by the petitioner), or *Federal Street & Pleasant Valley Passenger Ry. Co.*, 24 B.T.A. 262. In both cases, there was an unconditional assumption of the liability for the payment of the lessor's bonds by the lessee.

The transaction in 1900 by which one issue of the petitioner's bonds was retired and a new issue in an equivalent amount took its place, did not constitute a "realized profit" that increased the petitioner's surplus for invested capital purposes. See *La Belle Iron Works v. United States*, 256 U.S. 377; *Willcuts v. Milton Dairy Co.*, 275 U.S. 215.

*Judgment will be entered under Rule 50.*